UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FIRA DONIN and INNA GOLOVAN, on behalf      :
of themselves and all others similarly situated,      :
                                                      :      **DECISION & ORDER**
                  Plaintiffs,      :      17-CV-5787 (WFK)(SJB)
                                                       :
          v.      :
                                                       :
JUST ENERGY GROUP INC., JUST ENERGY      :
NEW YORK CORP., and JOHN DOES      :
1 TO 100,      :
                                                       :
                Defendants.      :
-------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**
On April 27, 2018, Fira Donin and Inna Golovan ("Plaintiffs") filed an Amended Putative Class
Complaint ("Amended Complaint") against Just Energy Group, Inc, Just Energy New York Corp.,
and Johns Does 1 to 100 ("Defendants") setting forth claims for violations of the New York
General Business Law, unfair deceptive acts and practices, common law fraud, fraud by
concealment, unjust enrichment, breach of contract, and breach of covenant of good faith and fair
dealing.  ECF No. 17.  Defendants now move to dismiss the Amended Complaint in its entirety
pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure.  *See* ECF Nos.
27–30.  For the reasons that follow, Defendants' motion to dismiss is GRANTED in part and
DENIED in part.

## BACKGROUND[1]

      Fira Donin and Inna Golovan (together, "Plaintiffs") are residents of Brooklyn, New

York who allege they were gas and electricity customers of Just Energy NY from June 2012

through August 2016 and August 2012 through April 2015, respectively.  *See* Amended

Complaint ("Compl.") ¶¶ 36, 40–41, 44, ECF No. 17.  Just Energy Group and Just Energy New

York ("JE" and "JENY," respectively, together, "Defendants"), are energy service companies

("ESCOs"), which provide a "free-market alternative" to local utility companies.  *See* Def. Mem.

---

[1] These allegations are either drawn from the Amended Complaint or are properly incorporated into the Amended
Complaint and are assumed to be true for the purposes of this motion.

in Support of Mot. to Dismiss ("Def. Mem.") at 2, ECF No 27-1. Just Energy NY "is the corporate entity that supplied Plaintiffs' energy." Compl. ¶ 64. Just Energy NY customers elect not to purchase energy from the local utility provider in their region, like Con Edison, and instead contract to purchase their energy supply from an ESCO. Def. Mem. at 2. Just Energy NY customers enter into a contract, by which Just Energy NY agrees to provide gas and/or electricity to the customer at agreed-upon terms. *Id.* The physical delivery of the gas or electricity to the customer's home, along with the reading of customer meters and determining usage amounts for billing purposes, remain the local utility's responsibility. *Id.* Plaintiffs allege "Defendants John Does 1 to 100 are the shell companies and affiliates similar to Just Energy New York Corp. through which Defendant Just Energy Group Inc. does business in New York and elsewhere. John Does 1 to 100 are also the Just Energy management and employees who perpetrated the unlawful acts described herein." Compl. ¶ 69.

Plaintiffs allege that Just Energy's "deceptive marketing and sales practices are unlawful in multiple ways including:

a. Using introductory teaser rates to misrepresent the cost of Defendants' energy;

b. Failing to adequately disclose that quoted rates are introductory teaser rates;

c. Failing to adequately disclose when Defendants' introductory teaser rates expire;

d. Actively misrepresenting the rates Defendants will charge when the teaser rates expire;

e. Failing to adequately disclose that Defendants' energy rates are consistently higher than the rates a customer's existing incumbent utility charges;

f. Failing to provide customers advance notice of the variable rate Defendants will charge; and

g.  Failing to clearly and conspicuously identify in its contract and marketing materials the variable charges in Defendants' variable energy plans."  Compl. ¶ 9; *see also* Compl. ¶¶ 3, 187, 194, 210, 231.

Specifically, Plaintiffs allege they were contacted by representatives associated with Just Energy in 2012, and shown "teaser rates" not reflective of Just Energy's actual rates.  Compl. ¶¶ 37–38, 42–43.  Plaintiff Donin alleges that after agreeing to switch her gas and electric accounts to Just Energy, she received emails from Just Energy that misrepresented Just Energy's rates. Compl. ¶ 39.  Plaintiffs allege Just Energy lures consumers with a marketing campaign that touts low rates and fails to disclose that Just Energy's actual rates will not only be higher than those teaser rates, but will also be consistently and substantially higher than those charged by the utility.  *Id.* ¶ 3.

Plaintiffs allege the "company also provides customers a set of documents, including a "welcome email" and "General Terms and Conditions," which together comprise the contract. Def. Mem. at 10.  Plaintiffs allege that in this contract, Just Energy promises (1) to charge a specified energy rate, (2) not to increase customers' rates "more than 35% over the rate from the previous billing cycle," *see* Compl. ¶ 5, and (3) to base their variable rates on "business and market conditions," *id.* ¶ 6.  Plaintiffs allege Defendants breach all three promises.  *Id.* ¶¶ 4–6, 10, 31–35, 142–46, 255–56.  Through these practices, Plaintiffs allege Defendants breached New York's General Business Law §§ 349, 349-D(3) and 349-D(7) (Counts I–III); engaged in unfair and deceptive acts and practices (Count IV); committed common law fraud (Count V) and fraud by concealment (Count VI); were unjustly enriched at the consumers' expense (Count VII); breached its contract (VIII); and violated the Covenant of Good Faith and Fair Dealing (Count

–3–

IX).  For the reasons that follow, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A sufficiently pleaded complaint provides "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Indeed, a complaint that merely offers labels and conclusions, a formulaic recitation of the elements, or "'naked assertions' devoid of 'further factual enhancement,'" will not survive a motion to dismiss. *Id.* (quoting *Twombly,* 550 U.S. at 557).  At the motion-to-dismiss stage, this Court accepts all factual allegations in the Amended Complaint as true and draws all reasonable inferences in favor of Plaintiff, the nonmovant.  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  But the Court need not credit "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 678) (alteration omitted).  Rather, legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants move to dismiss the Complaint in its entirety on the basis that: (1) this Court has no personal jurisdiction over Just Energy, Inc. or the alleged John Does; (2) Plaintiff Donin has no standing; and (3) Plaintiffs otherwise fail to state a claim for which relief can be granted. For the reasons state below, this Court finds it has personal jurisdiction over Just Energy, Inc. and Plaintiff Donin has standing to proceed in this case.  Furthermore, Plaintiffs' claims for

breach of contract and breach of the covenant of good faith and fair dealing survive Defendants'

motion to dismiss.  Plaintiffs' remaining claims are DISMISSED.

**I.  Personal Jurisdiction**

Defendants argue this Court does not have personal jurisdiction over Just Energy, Inc. and

John Does #1–100.  This Court finds it has personal jurisdiction over Just Energy, Inc., but does

not have personal jurisdiction over the John Does.

*a.  The Court has personal jurisdiction over Just Energy, Inc.*

New York's long arm statute, N.Y. C.P.L.R. 302, permits jurisdiction over a non-

domiciliary "who in person or through an agent: 1. transacts any business within the state or

contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the

state, except as to a cause of action for defamation of character arising from the act[.]"  N.Y.

C.P.L.R. 302(a)(1)-(2) (McKinney 2018).  Courts have emphasized that, in the personal

jurisdiction context, "[w]hile a plaintiff may plead facts alleged upon information and belief where

the belief is based on factual information that makes the inference of culpability plausible, such

allegations must be accompanied by a statement of the facts upon which the belief is founded."

*Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, 14-CV-804, 2014 WL 3857053, at *9

(S.D.N.Y. Aug. 5, 2014) (Sweet, J.) (internal quotations omitted).  Pleadings based on

"information and belief" are acceptable as long as they are allegations, not conclusions.  *Geo Grp.,*

*Inc. v. Cmty. First Servs., Inc.*, 11-CV-1711, 2012 WL 1077846, at *5 (E.D.N.Y. Mar. 30, 2012)

(Amon, J.) ("Second Circuit has expressly held that information and belief pleading is permissible

for facts 'peculiarly within the possession and control' of the defendant.") (citing *Arista Records,*

*LLC v. Doe 3*, 604 F.3d 110, 121 (2d Cir. 2010))).

This Court has personal jurisdiction over Just Energy, Inc. pursuant to New York's long-arm statute.  Plaintiffs have sufficiently alleged JE "transacts any business within the state or contracts anywhere to supply goods or services in the state" and that the instant case arises from that transaction.  Pl's Opp. to Def. Mem. ("Pl. Opp.") at 4, ECF No. ECF.  Plaintiffs allege that JE itself "states that it sells [energy] in New York," *see* Compl. ¶ 78, "receives payment from New York utilities for it," *see id.* ¶ 77, "issues news releases about New York," *id.* ¶ 65, "sign[ed] up [New York customers] through its advertisements, sales staff, independent sales contractors and website," *id.* ¶¶ 65, 67, 76, its employees "drafted the customer contract at issue," *id.* ¶ 66, and its executives presented an overview of Group's strategies at a conference in New York, *id.* ¶ 75.  *See Amorphous v. Morais*, 17-CV-631, 2018 WL 1665233, at *5, 7 (S.D.N.Y. Mar. 15, 2018) (Buchwald, J.) (finding "defendants availed themselves of the privilege of doing business in the New York" when defendants filled orders to New York customers, participated in New York trade shows, and sent representatives to New York and that "not only N.Y. C.P.L.R. § 302(a)(1), but also due process's requirement of sufficient minimum contacts").  These facts directly contrast with Mr. Teixeira's declaration, *see* ECF No. 30-4, that JE "does not engage in any business in New York," *id.* ¶ 9.

Here, Plaintiffs allege specifically "that the subsidiary engaged in purposeful activities in this State, that those activities were for the benefit of and with the knowledge and consent of the defendant, and that the defendant exercised some control over the subsidiary in the matter that is the subject of the lawsuit." *Jensen v Cablevision Sys. Corp.*, 17-CV-00100, 2017 WL 4325829, at *7 (E.D.N.Y. Sept. 27, 2017) (Spatt, J.).  Drawing all reasonable inferences in favor of Plaintiffs, the Court is satisfied that Plaintiff has alleged facts showing personal jurisdiction over JE is proper.

Furthermore, this Court's exercise of personal jurisdiction over JE satisfies Constitutional Due Process. Defendants claim the exercise of personal jurisdiction over JE fails to comport with due process "in light of the Supreme Court's recent holding in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). Defs.' Mem. at 7–8. However, unlike *Bristol-Myers*, where nonresident plaintiffs suffered harm out of state and tried to join their claims with those of in-state plaintiffs, here, there is a direct "connection between the forum and the specific claims at issue." *Id*. at 1781. Defendant JE allegedly solicited and defrauded customers in *New York* and supplied their energy services to *New York* residents in *New York*. This constitutes sufficient contacts for purposes of due process. *Licci ex rel. Licci v. Lebanese Can. Bank, SAL*, 673 F.3d 50, 62 (2d Cir. 2012) (holding a single in-state act performed by a non-domiciliary is sufficient for long-arm jurisdiction under CPLR §302(a)); *Bradley v. Staubach*, 03-CV-4160, 2004 WL 830066, at *4 (S.D.N.Y. Apr. 13, 2004) (Scheindlin, J.) (holding "[c]ontacts sufficient to establish jurisdiction under C.P.L.R. § 302(a)(1) are sufficient to meet the minimum contacts requirements of the Due Process clause").

> b. *The Court does not have jurisdiction over John Does 1–100.*

However, Plaintiffs have not sufficiently alleged facts to show this Court has jurisdiction over John Does 1 to 100. Plaintiffs describe John Does 1 to 100 as "shell companies and affiliates" through which Just Energy Inc. does business in and outside of New York, as well as "Just Energy management and employees who perpetrated the unlawful acts." Compl. ¶ 69. This vague and conclusory statement, without additional factual support, is insufficient to establish prima facie evidence of jurisdiction. *See, e.g.*, *Yao Wu v. BDK DSD*, 14-CV-5402, 2015 WL 5664256, at *3 (E.D.N.Y. Aug. 31, 2015) (Gold, Mag.) (dismissing complaint *sua sponte* for lack of personal jurisdiction over John Doe defendants where plaintiffs had averred no

factual allegations to support a finding of personal jurisdiction), *report and recommendation adopted*, 14-CV-5402, 2015 WL 5664534 (E.D.N.Y. Sept. 22, 2015) (Amon, J.).  Accordingly, the Court hereby DISMISSES all claims against John Does 1–100 for lack of personal jurisdiction.

## II.    **Plaintiff Donin has standing.**

To demonstrate standing, the named plaintiff must have (1) suffered a direct personal injury, (2) fairly traceable to the defendant's allegedly unlawful conduct, (3) that is likely to be redressed by the requested relief.  *See Crist v. Commn. on Presidential Debates,* 262 F.3d 193, 195 (2d Cir, 2001); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  Furthermore, "[t]here must be a direct, personal relationship between the party seeking relief, and the parties to the action for which that relief is sought."  *Howard v. Koch*, 575 F. Supp. 1299, 1301 (E.D.N.Y. 1982) (Costantino, J.) (dismissing allegations of misconduct toward plaintiff's girlfriend for lack of standing); *see also Galtieri v. Kelly*, 441 F. Supp. 2d 447, 456 (E.D.N.Y.2006) (Bianco, J. ) (holding the wife of a policeman lacked standing to challenge the police department's decision to comply with court order to garnish the policeman's benefits).

Defendants argue Plaintiff Fira Donin has no standing in this case because Defendants sent the emails in question to her husband Stanislav Donin, the accountholder with Just Energy, and because Plaintiff Donin is not a party to the contract at issue.  Def. Mem. at 9.  This Court disagrees.  Plaintiff Donin was the recipient of the "welcome emails," which were sent to her by the Just Energy customer service representative who pitched to her in person.  *See* Complaint ¶¶ 28, 39.  The addressee of the emails is "fsdonin@juno.com."  Pl. Mem. at 8.  Furthermore, although Plaintiff Donin is not a signatory to the contract, she is a third-party beneficiary of the contract and can thus assert a claim of breach.  *See Logan-Baldwin v. L.S.M. Gen. Contractors,*

*Inc.*, 94 A.D.3d 1466, 1468 (2012) ("Where, as here, performance is rendered directly to the third party, it is presumed that the contract was for his or her benefit."); *see also Mirkin v. Viridian Energy, Inc.*, 15-CV-1057, 2016 WL 3661106, at *2 n.2 (D. Conn. July 5, 2016) (denying motion to dismiss breach of contract claim based on ESCO's alleged overcharges even though plaintiff "Mr. Mirkin is not a party to the agreement with Viridian").  Accordingly, Fira Donin has standing to assert her contractual claims against Defendants.

### III.  Fraud-Based Claims

Counts V and VI of Plaintiff's Complaint allege common law fraud and fraud by concealment.  To state a claim for fraud in New York, a plaintiff must allege "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014) (Spatt, J.) (citing *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001)).  To survive a motion to dismiss, a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.*  Plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent." *Id.* (citing cases). "A cause of action to recover damages for fraud does not lie when . . . the only fraud charged relates to the breach of a contract[.]" *Individuals Sec., Ltd. v. Am. Int'l Grp.*, 34 A.D.3d 643, 644 (2d Dep't 2006) (holding there was "no evidence that the defendants violated any duty extraneous to the bond thereby giving rise to an actionable tort").

Plaintiffs' fraud claims fail because they have not "allege[d] a breach of duty which is collateral or extraneous to the contract between the parties." *Krantz v. Chateau Stores of Canada*

*Ltd.*, 256 A.D.2d 186, 187 (1st Dep't 1998).  The relationship between Plaintiffs and Defendants exists solely from their commercial contract.  *See* Compl.  Additionally, Plaintiffs have not sufficiently alleged a duty to disclose, as is also required for fraudulent concealment.  *TVT Records v. Is. Def Jam Music Group*, 412 F.3d 82, 91 (2d Cir. 2005).  Again, Plaintiffs plead no special relationship between the parties, outside of the contract that would produce a duty to disclose.  *See* Compl.  Thus, Plaintiffs' claims for fraud and fraudulent concealment are hereby DISMISSED.

### IV.    Plaintiff's GBL claims are untimely.

The New York General Business Law ("GBL") has a three-year limitations period for statutory causes of action.  *See* N.Y. C.P.L.R. 214 (McKinney 2018); *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1083 (2001) (applying "the three-year period of limitations for statutory causes of action under CPLR 214 (2)" to GBL § 349 claims).  An action under the GBL "accrues 'when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief.'"  *Globe Surgical Supply v. Allstate Ins. Co.*, 31 Misc. 3d 1227(A), 2011 WL 1884729, at *5 (Sup. Ct. Nassau Cnty. Apr. 18, 2011) (citation omitted).  If an action is commenced outside the statute of limitations, "it is the plaintiff's burden to 'demonstrate that any delay was caused by fraud, misrepresentation or deception and that his reliance on the asserted misrepresentations was justifiable.'"  *Davidson v. Perls*, 42 Misc. 3d 1205(A), 2013 WL 6797665, at *7–8 (Sup. Ct. N.Y. Cnty. Dec. 23, 2013) (collecting cases); *see also Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 463 (S.D.N.Y. 2014) (Karas, J.) ("[T]he party seeking to invoke the doctrine bears the burden of demonstrating that it was diligent in commencing the action within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." (internal quotations omitted)).

Plaintiffs' claims accrued in 2012 at the latest, when they first received their energy bills showing the rates they were charged by Defendants. This date predates the filing of the Complaint by over three years. *See Heslin v. Metro. Life Ins. Co.*, 287 A.D.2d 113, 115–16 (3d Dep't 2001) (holding that the statute of limitations for a GBL § 349 action is "three years and accrues when the owner of a 'vanishing premium' life insurance policy s first called upon to pay an additional premium"). Furthermore, an "[a]ccrual of a § 349 claim 'is not dependent upon any date when discovery of the alleged deceptive practice is said to occur.'" And so, Plaintiff's claims cannot be tolled. *Statler v. Dell, Inc.*, 841 F. Supp. 2d 642, 648 (E.D.N.Y. 2012) (Wexler, J.). Plaintiffs' claims began accruing in 2012, either when they purportedly enrolled with Just Energy NY or when they first received their energy bills showing the rates they were charged by Just Energy NY. *See* Compl. ¶ 4. Under either accrual event, Plaintiffs would have had to file their Complaint long before October 2017 to state a timely claim under the controlling statute of limitations. *Pike v. New York Life Ins. Co.*, 72 A.D.3d 1043, 1048 (2d Dep't 2010) ("Although the plaintiffs allege that they were induced to purchase unsuitable policies, and that they were unaware that they would have to pay 'substantial' premiums, they do not point to any specific wrong that occurred each time they paid a premium, other than having to pay it. Thus, any wrong accrued at the time of purchase of the policies, not at the time of payment of each premium."). Accordingly, the Court hereby DISMISSES Plaintiff's GBL claims as untimely.

V.     **Plaintiffs' claims for unfair and deceptive practices outside of New York are dismissed.**

To assert claims on behalf of out-of-state, nonparty class members with claims subject to different state laws, the named plaintiffs' claims must not be time barred. *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 93 (2d Cir. 2018). Because the named

Plaintiffs' claims are time barred under the GBL, they cannot assert the out-of-state claims on behalf of the out-of-state class members.  Furthermore, courts in this district have held that plaintiffs lack standing to "bring claims on behalf of a class under the laws of the states where the named plaintiffs have never lived or resided."  *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d at 50 (holding that the plaintiffs lacked standing to "bring claims under state laws to which Plaintiff have not been subjected" and noting that, even if the plaintiff amended to add representatives from each state, "it would be difficult for the Court to adjudicate claims" under the various state laws); *see also Ellinghaus v. Educ. Testing Serv.*, 15-CV-3442, 2016 WL 8711439, at *9 (E.D.N.Y. Sept. 30, 2016) (Feuerstein, J.) (dismissing non-New York consumer protection claims on a motion to dismiss); *Simington v. Lease Fin. Grp., LLC*, 10-cv-6052, 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012) (Forrest, J.) ("Where plaintiffs themselves do not state a claim under their respective state's consumer statutes, . . . they do not have standing to bring claims under other state statutes—even where they are named plaintiffs in a purported class action.").  Here, the two named Plaintiffs reside not only in the same state, but in the same borough of the city of New York, and—consistent with the holdings of numerous courts in the Second Circuit—are not entitled to bring state law claims asserting violations of consumer protection statutes outside New York.  Compl. ¶¶ 36, 41.  As such, these claims are DISMISSED.

**VI.   Plaintiffs have sufficiently stated a breach of contract claim.**

To state a claim for breach of contract, a plaintiff must show "(1) the existence of a contract between [plaintiff and defendant]; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach."  *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52

(2d Cir. 2011).  Plaintiffs claim Defendants breached the Agreements "by (a) charging rates higher than the rates set forth in the welcome emails Defendants sent to consumers (b) violating the contract's requirement that Defendants 'will not increase more than 35% over the rate from the previous billing cycle,' and (c) violating the contract's requirement that Defendants charge variable rates 'determined by business and market conditions.'"  Compl. ¶ 35.

Defendants argue the Agreement expressly states that the rates charged are "variable," meaning they did not contract to charge Plaintiffs particular rates, and thus they did not breach the contract.  However, Defendants ignore Plaintiff's allegations which specify that Defendants "made contractual promises to i) charge a specified energy rate (in Ms. Donin's case, 8¢ per kWh and 63¢ per therm), Compl. ¶ 4, ii) not to increase their rates "more than 35% over the rate from the previous billing cycle," *id.* ¶ 5, and iii) base their variable rates on "business and market conditions," *id.* ¶ 6,  and that the Defendants breached these three promises.

First, Plaintiffs have put forth facts showing that Defendant charged them over a specific energy rate.  Notwithstanding the contractual promise, Plaintiffs allege Just Energy consistently charged Plaintiff Donin more than 8¢ per kWh.  *See* Compl. ¶ 4.  Plaintiffs allege they have provided billing data during a four-year period showing there was only one month when Just Energy charged Ms. Donin less than the 8¢ per kWh contractual rate.  *Id*.  Similarly, Plaintiffs maintain the same allegations regarding her gas account.  *Id*.  Plaintiff Donin alleges that during the seventeen months of billing, Just Energy's rate was higher than 63¢ per therm.  *Id*.

Second, Plaintiffs have put forth facts showing Defendants increased their rates more than 35% from previous billing cycles.  Plaintiffs maintain that in August 2013 Defendants raised Plaintiff Donin's electricity price by more than 80% over the prior month's rate.  *Id*. ¶ 5.

Similarly, in May 2016, Plaintiffs allege Just Energy increased Ms. Donin's May 2016 gas rate by more than 36% compared to the rate she paid in April 2016. *Id.*

Finally, Plaintiffs have put forward facts to substantiate their claim that Defendant's failed to base their variable rates on "business and market conditions." The Complaint sets forth a month-by-month comparison of what Con Ed would have charged during each of the months for which Plaintiffs' billing data is presently available, showing both the difference and the percent difference between a rate based on "business and market conditions" and the rate Defendants charged. Compl. ¶¶ 142–44. Based on these tables, Plaintiffs show "that Just Energy's variable rate was consistently significantly higher than Con Ed's rates and that the rate did not fluctuate with commodity prices." *Id.* ¶ 147. The Complaint also clearly shows that "Just Energy's variable rate often increased while wholesale costs declined," further substantiating its claim that Defendants' rates are untethered to "business and market conditions." *Id.* ¶¶ 153–56. This is sufficient to state a breach of contract claim for an ESCO's failure to charge contracted-for market-based rates, and thus a claim for breach of contract.

## VII.   Plaintiffs sufficiently allege a claim for breach of the covenant of good faith and fair dealing.

A "claim for breach of an implied covenant of good faith and fair dealing does not provide a cause of action separate from a breach of contract claim" when based on the same facts. *Atlantis Info. Tech., GmbH v. CA, Inc.*, 485 F. Supp. 2d 224, 230 (E.D.N.Y. 2007) (Spatt, J.); *Esposito v. Ocean Harbor Cas. Ins. Co.*, 13-CV-7073, 2013 WL 6835194, at \*2 (E.D.N.Y. Dec. 19, 2013) (Feuerstein, J.). In New York, "all contracts contain an implied covenant of good faith and fair dealing, under which neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Claridge*

*v. N. Am. Power & Gas*, LLC, 15-CV-1261, 2015 WL 5155934, at *6 (S.D.N.Y. Sept. 2, 2015) (Castel, J.). "Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion." *Dalton v Educ. Testing Serv.*, 663 N.E.2d 289, 291 (N.Y. 1995). Whether a defendant exercised bad faith is an issue of fact for a jury to decide. *See First Niagara Bank N.A. v Mortg. Builder Software, Inc.*, 13-CV-592, 2016 WL 2962817, at *7 (W.D.N.Y. May 23, 2016) (Skretny, J.).

The Court finds some factual allegations overlap in Plaintiff's claims. However, because Just Energy contests the viability of the contract claim, the Court allows Plaintiffs to alternatively maintain the good faith and fair dealing claim, as is routinely allowed in federal court. *See, e.g.*, *Claridge*, 2015 WL 5155934, at *6 (allowing both claims to proceed and noting that "[g]iven the ambiguous language of the Agreement, the plaintiffs plausibly allege that [defendant ESCO] could have exercised its discretion in a manner contrary to customers' expectations"); *Hamlen v. Gateway Energy Services Corp.*, 16-CV-3526, 2017 WL 892399, at *5 (S.D.N.Y. Mar. 6, 2017) (Briccetti, J.); *Edwards v. N. Am. Power and Gas, LLC*, 120 F. Supp 3d. 132, 147 (D. Conn. 2015) ("[I]n pleading that [defendant's] prices were arbitrarily high and unreasonable, [plaintiff] . . .sufficiently alleged a claim of breach of the covenant of good faith and fair dealing."). Accordingly, Plaintiffs' "claim for breach of an implied covenant of good faith and fair dealing survives Defendants' motion to dismiss.

**VIII.   Plaintiff's unjust enrichment claim is dismissed.**

Unjust enrichment "may not be plead in the alternative alongside a claim that the defendant breached an enforceable contract." *King's Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, 09-CIV-3980, 2009 WL 5033960, at *7 (S.D.N.Y. Dec. 23, 2009) (Cote, J.), *aff'd*, 396 Fed. App'x 736 (2d Cir. 2010) (summary order); *see also Ainbinder v. Money Ctr. Fin. Grp., Inc.*, 10-

CV-5270, 2013 WL 1335997, at *8 (E.D.N.Y. Feb. 28, 2013) (Tomlinson, Mag.) (collecting cases), *report and recommendation adopted,* 10-CV-5270, 2013 WL 1335893 (E.D.N.Y. Mar. 25, 2013) (Feuerstein, J.).  Unlike Plaintiffs' claim for breach of covenant of good faith and fair dealing, here all facts of Plaintiff's breach of contract claim overlap with their breach of unjust enrichment claims.   There is no dispute as to the existence of a contract, and thus, a claim for unjust enrichment cannot survive.  Accordingly, Plaintiff's unjust enrichment claim is DISMISSED.

## CONCLUSION

In sum, the Defendants' motion to dismiss is GRANTED in part and DENIED in part. The Court finds it has personal jurisdiction over Defendant Just Energy, Plaintiff Donin has standing, and Plaintiffs have sufficiently alleged their breach of contract and breach of the covenant of good faith and fair dealing claims.  All other claims are hereby DISMISSED.  The Clerk of Court is respectfully directed to close the motion pending at ECF No. 27 and to remove John Does 1–100 from the caption.

**SO ORDERED.**

# s/ WFK

_____

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2021
          Brooklyn, New York